UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ROBIN GRUPCZYNSKI WALTON,

    Plaintiff,

  v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

    Defendant.

Case No. 3:13-cv-00331-MMD-WGC

**I.    BACKGROUND AND SUMMARY**

Before the Court is Magistrate Judge William G. Cobb's Report and Recommendation ("R&R") (dkt. no. 18) regarding Plaintiff Robin Grupczynski Walton's Motion for Reversal of the Commissioner's Decision (dkt. no. 13) and Defendant Commissioner Carolyn W. Colvin's Opposition and Cross-Motion to Affirm. (Dkt. no. 16.) Magistrate Judge Cobb issued the R&R on July 22, 2014, concluding that the Administrative Law Judge ("ALJ") erred in ignoring medical opinions and in assessing Plaintiff's credibility. The R&R recommends that the matter be remanded back to the ALJ for calculation and award of benefits. (Dkt. no. 18.) Defendant Commissioner timely filed an objection (dkt. no. 19) and Plaintiff filed a response (dkt. no. 20). For the reasons stated below, the R&R is accepted and adopted in full.

**II.    LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is

1  required to "make a *de novo* determination of those portions of the [report and
2  recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of
3  Defendant's objection, the Court engages in a *de novo* review of the portions of the R&R
4  relevant to the objection.

5  Congress has provided a limited scope of judicial review of the Commissioner's
6  decision to deny benefits under the Social Security Act. In reviewing findings of fact, the
7  Court must determine whether the decision of the Commissioner is supported by
8  substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a mere
9  scintilla but less than a preponderance; it is such relevant evidence as a reasonable
10 mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r Soc. Sec.*,
11 740 F.3d 519, 522–23 (9th Cir. 2014) (quoting *Hill v. Astrue*, 698 F.3d 1153, 1159 (9th
12 Cir. 2012)). The Court must consider the entire record as a whole to determine whether
13 substantial evidence exists, and must consider evidence that both supports and
14 undermines the ALJ's decision. *Gutierrez*, 740 F.3d at 523 (citation omitted). In weighing
15 the evidence and making findings, the Commissioner must also apply the proper legal
16 standards. *Id.* (citing *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir.
17 2009); *Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003)).

18 **III.  ANALYSIS**

19 The R&R finds that the ALJ failed to provide legally sufficient reasons supported
20 by substantial evidence for failing to explicitly reject medical evidence omitted from the
21 determination, and for discrediting Plaintiff's subjective testimony.

22 Specifically, the R&R finds that the ALJ never stated that she was rejecting the
23 State Agency Medical Consultant Dr. Villaflor's conclusion that Plaintiff was limited to
24 occasional reaching in all directions, and thus erred when she omitted consideration of
25 said conclusion in her residual functioning capacity ("RFC") determination. The R&R
26 further states that the ALJ erred in her RFC determination for not mentioning several
27 parts of Consultative Examiner Dr. Rogina's findings. The R&R additionally states that
28 the ALJ erred because she did not mention or provide reasons for rejecting treating

physician Dr. Jempsa's opinions regarding his assessment of the modifications that should be made to Plaintiff's ability to work. Lastly, the R&R concludes that the ALJ failed to set forth specific, clear and convincing reasons for rejecting Plaintiff's testimony as to the severity of her symptoms. The R&R thus recommends that the Court deny the Commissioner's Cross-Motion to Affirm (dkt. no. 16) and grant Plaintiff's Motion for Reversal. (Dkt. no. 13.) The R&R recommends that the case be remanded to the ALJ for calculation and award of benefits.

### 1.  Medical Opinions

The Court first considers whether the ALJ erred in her determination with respect to the medical opinions of Dr. Villaflor, Dr. Rogina and Dr. Jempsa. While it is true that the ALJ may disregard the opinions of medical experts, the ALJ must articulate the rejection and the reasons for doing so. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989); *see also Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012 (internal quotation and citation omitted). An ALJ can satisfy the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* (internal quotation and citation omitted). "[A]n ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion." *Id.* at 1012-13 (citing *Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)).

In her RFC determination, the ALJ states that great weight was given to the opinions of both Dr. Gasparre and Dr. Villaflor. (AR 13.) However, the ALJ did not mention Dr. Villaflor's limitation of occasional pushing and pulling. The ALJ concluded that Plaintiff would be limited to occasional reaching above the shoulder with the right

arm, but Dr. Villaflor's opinion was that Plaintiff should be limited to occasional reaching with the right arm in all directions and occasional use of the right upper extremity for pushing and pulling. (AR 12–13.) In her objection, the Commissioner contends that the partial rejection of Dr. Villaflor's opinion was based on Dr. Gasparre's finding of full strength in Plaintiff's right arm. (Dkt. no. 19 at 5.) Nevertheless, "[i]f a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Garrison*, 759 F.3d at 1012 (citation omitted). The ALJ's determination did not provide any reasons for rejecting Dr. Villaflor's opinion in favor of Dr. Gasparre's opinion. The Commissioner argues that the ALJ did not need to explain why she rejected some of Dr. Villaflor's limitations since the "logical inferences" based on the ALJ's summary of the evidence demonstrates the "path of her reasoning." (Dkt. no. 19 at 6.) The Court disagrees. The ALJ did not clearly provide an interpretation of Dr. Villaflor's opinion that would allow this Court to understand how the ALJ adopted the opinions of Dr. Gasparre and Dr. Villaflor and specifically stated that she gave both great weight, yet arrived at an RFC determination that did not involve a limitation of occasional pushing and pulling. *See Garrison*, 759 F.3d at 1012 (An ALJ can satisfy the substantial evidence requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, *stating his interpretation thereof*, and making findings.") (emphasis added). It is simply not clear from the record why the ALJ concluded that Plaintiff was limited to occasional reaching above the shoulder with her right arm as opposed to occasional reaching in all directions with her right arm and occasional use of the right upper extremity for pushing and pulling. Therefore, the Court agrees with the R&R that the ALJ erred in her treatment of Dr. Villaflor's opinion.

With regard to Dr. Jempsa, the ALJ neglected to mention his opinions regarding the modifications that should be made to Plaintiff's ability to work, including that Plaintiff was limited to a "sitting-type desk job four hours a day." (AR 216.) The Commissioner argues that other evidence in the record, including Dr. Jempsa's own findings,

4

1  contradicts his opinions regarding his assessment of the modifications that should be
2  made to Plaintiff's ability to work. (Dkt. no. 19 at 11.) However, the ALJ provided no
3  explanation for failing to consider Dr. Jempsa's opinions. The Commissioner further
4  argues that the ALJ was not required to expressly address or reject Dr. Jempsa's
5  opinion, because it was not probative of disability. (Dkt. no 19 at 11.) However, both
6  examinations by Dr. Jempsa occurred within the disability period, thus making his
7  opinions probative as to a disability determination. *See Costa v. Astrue*, 743 F. Supp. 2d
8  1196, 1213 (D. Or. 2010) (The doctor's "evaluation of plaintiff occurred during the
9  alleged disability period under review and thus, it is relevant and probative"). Thus, as
10 with Dr. Villaflor's opinion, the ALJ erred by failing to provide "specific and legitimate
11 reasons . . . supported by substantial evidence in the record" in order to reject Dr.
12 Jempsa's opinion if the ALJ indeed believed it to be contradicted by other medical
13 evidence. *Garrison*, 759 F.3d at 1012 (citation omitted).

14       The ALJ further erred with respect to Dr. Rogina's opinions. While the ALJ relied
15 on Dr. Rogina's conclusions, she did not mention Dr. Rogina's medical source
16 statement, which included moderate limitations in Plaintiff's ability to make judgments,
17 understand and remember complex instructions, carry out complex instructions, interact
18 with supervisors and co-workers, and marked limitations in her ability to respond
19 appropriately to work situations and changes in routine. Dr. Rogina's opinions were not
20 contradicted by other medical opinion, thus requiring the ALJ to explicitly reject the
21 omitted portions of Dr. Rogina's opinions, and to provide clear and convincing reasons
22 for doing so. *Magallanes*, 881 F.2d at 751 (citation omitted). The Commissioner argues
23 that the R&R failed to consider probative evidence — that Plaintiff reported a "full range"
24 of daily activities to Dr. Rogina. (Dkt. no. 19 at 8.) While Plaintiff may have described her
25 daily activities, Dr. Rogina made an assessment that includes limitations in her medical
26 source statement and these limitations were not addressed by the ALJ in making her
27 RFC determination.
28 ///

### 2. Plaintiff's Testimony

The Court next considers whether the ALJ erred in her assessment of Plaintiff's credibility as to the severity of her symptoms. The ALJ must first "determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). "If the claimant meets the first test and there is no evidence of malingering, the ALJ may only reject the claimant's testimony about the severity of the symptoms if he or she gives 'specific, clear and convincing reasons' for the rejection." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (quoting *Lingenfelter*, 504 F.3d at 1036). An ALJ's findings are supported by substantial evidence if they are "sufficiently specific to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345-46 (9th Cir. 1991).

The ALJ found that Plaintiff's statements regarding the intensity, persistence and limiting effects of her symptoms are not credible to the extent they are inconsistent with the RFC assessment. (AR 15.) However, the R&R concluded that the ALJ's credibility determination was not supported by substantial evidence, because the ALJ erred by failing to include in her analysis the medical evidence that supported Plaintiff's subjective symptom testimony, and only selectively relied on medical evidence that alluded to a mild form of Plaintiff's condition. (Dkt. no. 18 at 26-27.) This Court agrees with the R&R.

In determining credibility, the ALJ mentions Dr. Jempsa's opinions, but only relies on portions of his findings. The omitted findings include that Plaintiff has tenderness, muscle tightness, and decreased range of motion in various parts of the body, Dr. Jempsa's recommendation of physical therapy, and the previously discussed modifications to Plaintiff's ability to work. These are consistent with Plaintiff's claimed symptoms. Furthermore, the 2005 and 2006 MRI results confirming mild degenerative changes in the cervical spine and right shoulder should also credit Plaintiff's complaints

of pain. "[T]he claimant is *not* required to show 'that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.'" *Garrison*, 759 F.3d at 1014 (emphasis in original) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996)).

The ALJ further relied on evidence of conservative treatment in order to discredit the Plaintiff's testimony. (AR 15.) The Ninth Circuit has recognized evidence of conservative treatment as "sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue,* 481 F.3d 742, 751 (9th Cir. 2007) (citing *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). To determine a claimant's credibility, "the ALJ may properly rely on 'unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment.'" *Molina vs. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) (quoting *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)). However, the ALJ may not discredit a claimant on the basis of failure to pursue treatment when the claimant has a good reason for not doing so, such as a lack of insurance coverage or inability to afford it. *See Carmickle v. Commissioner, Social Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008); *see also Gamble v. Chater* 68 F.3d 320, 321 (9th Cir. 1995). Here, the ALJ did not mention the portion of Plaintiff's testimony stating that Plaintiff had issues obtaining health insurance and did not have health insurance at the time she testified. (AR 15, 99-100.) The ALJ therefore erred in discrediting Plaintiff for not undergoing more aggressive treatment under the care of additional medical professionals.

The Commissioner argues that Plaintiff's daily activities are inconsistent with her subjective symptom testimony and instead resemble the splendid life of a retiree. (Dkt. no. 19 at 2.) However, it is well-settled within the Ninth Circuit that "disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations," and their credibility is adversely affected "[o]nly if the level of activity were inconsistent with [a claimant's] claimed limitations." *Garrison*, 759 F.3d at 1016

(alteration in original) (citing *Reddick v. Chater*, 157 F.3d 722 (9th Cir. 1999)). The Commissioner failed to acknowledge Plaintiff's testimony that she could not wash dishes due to the condition of her hands (AR 100–101); that she is limited to fifteen minute increments in assisting with household chores (AR 102–103); and that she frequently suffers from headaches (AR 104.) The ALJ acknowledged that Plaintiff could do household chores with assistance, but did not discuss reasons for rejecting this testimony. (AR 14.) This Court finds that Plaintiff's daily activities as described in her testimony are consistent with her subjective symptom testimony. The ability to talk on the phone, assist with household chores and meal preparation, read books, and maintain personal hygiene is consistent with Plaintiff's testimony describing her pain.

The Court therefore agrees with the R&R's analysis and finds that the ALJ did not provide specific, clear, and convincing reasons for rejecting Plaintiff's subjective symptom testimony.

The Court lastly considers whether the case should be remanded for further proceedings or for the award of benefits. To determine whether a case must be remanded for the calculation and award of benefits, a three-part credit-as-true standard is applied. *Garrison*, 759 F.3d at 1020. All three prongs must be satisfied in order for a case to be remanded "with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Id*. When all three prongs are satisfied, the district court abuses its discretion if it does not remand for an award of benefits. *Id*. (citation omitted). However, "courts are required to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id*. at 1021.

///

The reason for the credit-as-true rule is that "[r]equiring the ALJs to specify any factors discrediting a claimant at the first opportunity helps to improve the performance of the ALJs by discouraging them from reaching a conclusion first, and then attempting to justify it by ignoring competent evidence in the record that suggests an opposite result." *Id.* at 1019 (citing *Varney v. Sec'y of Health & Human Servs.*, 859 F.2d 1396, 1398-99 (9th Cir. 1988)). The rule further "avoids unnecessary duplication in the administrative hearings" and "reduces the delay and uncertainty often found in this area of the law" while ensuring claimants receive their benefits as soon as possible. *Garrison*, 759 F.3d at 1019 (citing *Varney*, 859 F.2d at 1398–99).

The R&R concluded that all three of the credit-as-true prongs were satisfied and recommends this Court remand to the ALJ for the calculation and award of benefits. (Dkt. no. 18 at 36.) The Court agrees with the R&R's analysis. In considering whether the ALJ would be required to find the claimant disabled on remand, courts "do not consider arguments against crediting evidence that the ALJ did not make." *Garrison*, 759 F.3d at 1022 n.29. Crediting Dr. Jempsa's opinion that Plaintiff should be limited to a "desk-type" job for four hours a day, Plaintiff's testimony that she is limited to doing household chores in fifteen-minute increments, and Dr. Rogina's opinion that Plaintiff has marked limitations in her ability to respond appropriately to work situations and changes in routine, as well as the other improperly discredited evidence discussed in the R&R and this Order, it is evident that the ALJ would be required to find Plaintiff disabled on remand. *See Garrison*, 759 F.3d at 1020. There is no serious doubt as to this conclusion and remand for further proceedings is therefore not warranted. *Id.*

The Court thus finds it is appropriate to remand this action to the ALJ for the calculation and award of benefits.

## IV.   CONCLUSION

It is therefore ordered that the Report and Recommendation of Magistrate Judge William G. Cobb (dkt. no. 18) is accepted and adopted in full. Plaintiff Robin Grupczynski Walton's Motion for Reversal of the Commissioner's Decision (dkt. no. 13) is granted.

Defendant Commissioner Carolyn W. Colvin's Opposition and Cross-Motion to Affirm (dkt. no. 16) is denied.

This case is remanded to the ALJ for the calculation and award of benefits.

DATED THIS 11th day of June 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE